**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARIUSZ MAKUCH,<br>    Plaintiff | TRIAL BY JURY DEMANDED |
| v. | |
| STEPHEN PONTIAC-CADILLAC, INC.<br>and AMERICAN SUZUKI MOTOR CORP.,<br>    Defendants | June 12, 2012 |

**COMPLAINT**

**I. INTRODUCTION**

1. This is a suit brought by a consumer under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 *et. seq.,* and Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101 *et seq.* ("UCC") against Stephen Pontiac-Cadillac, Inc. ("Stephen"), a car dealership that fraudulently and maliciously sold him a motor vehicle (the "Vehicle") under the description of a "New" 2011 Suzuki Kizashi, even though the Vehicle had previously been in a significant accident requiring substantial repairs, including replacement of original parts, and had not been properly and adequately repaired.  Plaintiff also asserts pendent claims under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.* and against the defendant American Suzuki Motor Corp. ("Suzuki") under the Connecticut Lemon Law, Conn. Gen. Stat. § 42-179 *et seq.*

## II. PARTIES

2. Plaintiff, Mariusz Makuch, is a consumer residing in Windsor Locks, Connecticut.

3. Stephen is a Connecticut Corporation that operates a motor vehicle dealership in Bristol, CT. It is an authorized dealership for Suzuki.

4. Suzuki is a California corporation with its headquarters in that state. It is the American distributor for Suzuki motor vehicles.

## III. JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant to Magnuson Moss, 15 U.S.C. § 2310(d)(1)(B) and Fed. R. Civ. P. 18(a). Specifically, Plaintiff claims actual damages of approximately $12,000. When this amount is combined with Plaintiff's tortious breach of warranty claim against Stephen, which includes a claim for common law punitive damages, which are expected to exceed $50,000, then the total amount in controversy under Magnuson-Moss exceeds $50,000.

6. This Court has jurisdiction over Stephen because it is located in Connecticut, and it has jurisdiction over Suzuki because it regularly does business in Connecticut.

7. Venue in this Court is proper, because the Plaintiff is a resident and the transaction alleged herein occurred in this state.

## IV. FACTUAL ALLEGATIONS AND CAUSES OF ACTION

8. On or about April 6, 2012, Plaintiff purchased the Vehicle from Stephen for a total purchase price of $19,974.75.

9. The purchase order for the transaction described the Vehicle as a new 2011 Suzuki Kizashi.

10. The Vehicle came with an express warranty from Suzuki.

11. Unbeknownst to Plaintiff, prior to the time of sale, the Vehicle was damaged in an accident.

12. On information and belief, Stephen was aware of the prior damage to the Vehicle and the repairs to the Vehicle were either performed by it or by another facility at Stephen's direction.  Specifically, Plaintiff was informed by another Suzuki dealership that there was information in Suzuki's records regarding prior repairs.

13. As a result of the accident, the Vehicle required significant repairs, including the removal of and replacement of multiple parts, the refinishing of the right front fender and the right rear quarter panel.

14. The repairs were not performed properly and were substandard in quality. Specifically, the front engine mount was not aligned with the engine, causing a vibration in the engine, the front engine shield is missing a bolt, the left rear engine cradle bracket is damaged, and the right front fender back edge was painted with tape on it. Additionally, at the time of sale, the Vehicle did not drive properly, displaying a knock on the right side, and there was an evident problem with the Vehicle's suspension, and a tie rod bolt was loose, making the Vehicle unsafe to drive.

15. Stephen did not disclose the prior accident or repairs to the Plaintiff prior to the time of the purchase, and Plaintiff did not discover them and believed that the Vehicle was in new condition.

16. Specifically, Stephen told Plaintiff, and Plaintiff believed that the Vehicle was a leftover 2011 and was in new condition.

17. Plaintiff experienced multiple and repeated problems with the Vehicle and brought it to Stephen, who was unable to make repairs to Plaintiff's satisfaction.

18. Plaintiff brought the Vehicle to Stephen multiple times for repairs, Stephen was able to improve the Vehicle's performance, but it has not been able to fix the problem with the front engine mount alignment, and the Vehicle continues to vibrate, making it difficult and uncomfortable to drive.

19. A Suzuki representative inspected the Vehicle at Stephen together with a Stephen representative in late May 2012, and both met with Plaintiff.

20. During that conversation, a Stephen representative told Plaintiff that some parts were not available temporarily and that Stephen had used parts from the Vehicle for repairs on another Vehicle, and then those parts were later replaced.

21. On information and belief, this was a false and fraudulent statement made in a continuing effort to prevent Plaintiff from learning of the true extent of the prior damage.

22. Suzuki and Stephen refused to make further repairs on the Vehicle.

23. Plaintiff has given Stephen and Suzuki a reasonable opportunity to repair the Vehicle.

24. Plaintiff believes, and on that basis alleges, that the Vehicle, at the time of sale, had a cash value of approximately $12,000 less than a comparable new 2011 Suzuki Kizashi.

## V. LEGAL CLAIMS

25. Stephen's statement that the Vehicle was "new" constituted an express warranty under Conn. Gen. Stat. § 42a-2-313, which warranty as been breached.

26. Stephen has breached the implied warranty of merchantability under Conn. Gen. Stat. § 42a-2-314 because the Vehicle would not pass in trade under the description of a new 2011 Suzuki Kizashi.

27. Stephen is liable to Plaintiff under Article 2 of the UCC and Magnuson-Moss for his damages, which are estimated to be $12,000.

28. Stephen's conduct in selling a previously damaged vehicle as "new" and its misrepresentations regarding the history of the Vehicle were tortious in nature, and its breaches of warranty were intentional, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that he sustained, entitling him to common law punitive damages, which are estimated to exceed $50,000.

29. Stephen's conduct as alleged violated the Connecticut Unfair Trade Practices Act, entitling him to punitive damages.

30. Suzuki has violated its express warranty and has refused additional repairs.

31. Suzuki is responsible to repurchase or replace the Vehicle under the Connecticut Lemon Law.

Wherefore, the Plaintiff seeks actual damages, common law punitive damages, statutory punitive damages, attorney's fees, costs, and an order requiring Suzuki to repurchase or replace the Vehicle.  **PLAINTIFF DEMANDS TRIAL BY JURY**

**PLAINTIFF, MARIUSZ MAKUCH**

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457