UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIUSZ MAKUCH, :
    Plaintiff, :
 :
v. : 3:12-cv-866 (WWE)
 :
STEPHEN PONTIAC-CADILLAC, INC., :
    Defendant. :

### RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Mariusz Makuch brings this action against Stephen Pontiac-Cadillac asserting that it sold plaintiff a "new" car despite the car having previously been in a significant accident requiring repairs. Plaintiff brings claims under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, et seq., for violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and violation of Article 2 of the Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-101. Now pending before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction.

### BACKGROUND

### DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore, Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the

1

party asserting such jurisdiction.  Thomson v. Gaskill, 315 U.S. 442, 446 (1942).  The party invoking federal jurisdiction must show by a reasonable probability that the amount in controversy satisfies the jurisdictional requirement.  Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994).  There is a rebuttable presumption that the allegations of the complaint are a good faith representation of the actual amount in controversy.  Wolde-Meskel v. Vocational Instruction Project Community Svcs., Inc., 166 F.3d 59, 63 (2d Cir. 1999).  In order to rebut such presumption, defendant must show to a legal certainty that plaintiff could not recover the amount alleged.  Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006).

The MMWA grants relief to a consumer "who is damaged by the failure of a ... warrantor ... to comply with any obligation ... under a written warranty." 15 U.S.C. § 2310(d)(1).  "The MMWA makes a warrantor directly liable to a consumer for breach of a written warranty."  Diaz v. Paragon Motors of Woodside, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006).  Such a consumer may file a claim for a breach of an implied warranty in federal court.  15 U.S.C. § 2310(d)(1).  A federal court does not have jurisdiction in such a case "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  Id. § 2310(d)(3)(B).

Pendent state law claims are not included in determining whether the value of "all claims" reaches the jurisdictional threshold.  See Jiminez v. Going Forward, Inc., 25 F. Supp. 2d 54, 55 (D. Conn. 1998).  The text of the statute indicates that the $50,000 threshold also excludes interest.  Golden v. Gorno Bros., Inc., 410 F.3d 879, 883 (6th

Cir. 2005).  Finally, attorney's fees are excluded from the calculus.  See Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069 (5th Cir. 1984).

Punitive damages, however, should be included in determining jurisdiction if they are available under applicable state law.  See Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 198 (11th Cir. 1999).  Under Connecticut law, punitive damages are available for a claim of breach of warranty if plaintiff alleges conduct that is "done with a bad motive or with a reckless indifference to the interests of others."  L.F. Pace & Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48 (1986).  Punitive damages in Connecticut are measured with regard to legal fees.  See Berry v. Loiseau, 223 Conn. 786 (1992) (recognizing rule that common law punitive damages are limited to litigation costs).

In this instance, plaintiff claims actual damages in the amount of $10,000 to $12,000 and punitive damages.  Plaintiff asserts that punitive damages that are four times the amount are within the presumed constitutional limitation of a single digit ratio between punitive and compensatory damages.  See State Farm v. Mut. Auto Ins. v. Campbell, 538 U.S. 408, 425 (2003).   Plaintiff's attorney has submitted an affidavit averring that attorney fees in excess of $7,500 have already been incurred and that the fees would exceed $50,000 should the case proceed to a jury trial.  Thus, the Court will deny the motion to dismiss because it does not appear to a legal certainty that plaintiff cannot satisfy the jurisdictional requirement.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss (doc. #18).

Dated at Bridgeport, Connecticut, this 3d day of January, 2013.

/s/
Warren W. Eginton
Senior United States District Judge
